UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| v. | : | |
| **MICHAEL ANTHONY BATTLE,** | : | |
| Defendant | : | |

**GOVERNMENT'S MOTION TO SEAL INDICTMENT,
MOTION TO SEAL AND OTHER PLEADINGS, RECORDS, AND FILES,
AND TO DELAY ENTRY ON PUBLIC DOCKET OF FILING OF
MOTION TO SEAL AND ALL RELATED MATTERS**

*COMES NOW*, the United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully to ask this Honorable Court to seal the accompanying criminal indictment, bench warrant, and all other pleadings, records, and files in this case, including this motion to seal, and to delay entering on the public docket this motion to seal and all related matters. In support whereof, we submit as follows:

(1) Defendant Battle is the target of an on-going criminal investigation involving unlawful distribution of 50 grams or more of crack cocaine base, in violation of Title 21, United States Code, Section 841(a)(1). Sealing is needed because the indictment, bench warrant, and other future pleadings contain sensitive information, the disclosure of which is not in the interest of the government or the public.

(2) Police officers working on this case believe defendant is not aware of the criminal investigation, so disclosing the indictment and bench warrant through public records will hinder efforts to arrest him, and also could endanger officers trying to do so, as well as confidential civilian witnesses who have assisted police. Accordingly, we believe it essential to keep secret any information about the defendant's pending indictment and prosecution until he is arrested.

(3) Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the indictment could compromise the criminal investigation by: (1) placing the personal safety of the undercover agents, other law enforcement officials, and innocent third parties at substantial risk; (2) alerting defendant to the investigation; and (3) causing defendant and other possible targets to destroy documents and other evidence. Each of these factors is particularly important because violent reprisals are common among drug dealers.

(4) Individuals associated with criminal gangs commonly check public court record to see if the government has filed pleadings under seal in cases against their associates. Thus, public notice of the filing of sealed pleadings or proceedings, itself, can compromise related criminal and grand jury investigations, and presents a serious risk to the personal safety of undercover agents and other police officers taking part in the investigation.

(5) Accordingly, we respectfully government submit that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal indictment and all other pleadings, records, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until:(1) the risk to the safety of cooperating individuals has dissipated; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See <u>Washington Post</u> v. <u>Robinson</u>, 935 F.2d 282, 289 (D.C. Cir. 1991).

WHEREFORE, we respectfully pray this Honorable Court to grant this motion.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058

BY: _____
Barry Wiegand
Assistant United States Attorney
D.C. Bar No.  424288
Organized Crime and Narcotics Trafficking
555 4th Street, N.W., Fourth Floor
Washington, D.C. 20001
(202) 514-7315
(202) 514-8707 (fax)
William.B.Wiegand@USDoJ.Gov