UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL BATTLE,<br><br>  Defendant. | Crim. Action No. 05-0234<br>RMU/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by indictment with three counts of unlawfully using a telephone to facilitate committing a drug felony in violation of 21 U.S.C. § 843; three counts of unlawful distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); and one count of distribution of cocaine base within 1,000 feet of a school in violation of 21 U.S.C. § 860(a). A detention hearing was conducted by the undersigned United States Magistrate Judge on October 11, 2005.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follows.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

United States v. Battle                                                                                                                              2

18 U.S.C. § 3142(e).  Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention.  United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

     Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released.  United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986).  The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

     In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release.  18 U.S.C. § 3142(g).

     A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed, or an offense

United States v. Battle                                                                                                                  3

under 924(c) of Title 18.  18 U.S.C. § 3142(e).  An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142.  United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996); United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III.  DISCUSSION

Counsel for the government submitted a written proffer and memorandum in support of pretrial detention.  In addition, counsel for the government orally summarized what was contained in his written submission.  Counsel for the government proffered that on three separate occasions, Defendant negotiated sales to a Metropolitan Police Department officer, acting undercover, of about 62 grams of cocaine base.  On each occasion, the transaction took place in the car of the undercover officer.  The car has been specially equipped with an audio-video recording camera which enabled the undercover officer to film each transaction.  Counsel for the government also proffered that defendant has two prior convictions for serious crimes of violence, including assault with intent to murder.  Counsel for the government further proffered that defendant has no lawful employment and is engaged in the drug trade as his means of financial survival.

Defendant's counsel proceeded by proffer as well.  Defendant's counsel proffered that between June, 2002 and October, 2004, defendant was employed in the Schaumberg Sheet Metal Company's training program.  Counsel alleged that while defendant was unable to maintain employment there it was not because of any malfeasance but because defendant was unsuccessful at learning a very difficult trade.  Lastly, Defendant's counsel proffered that Defendant has maintained a residence with his aunt in the District of Columbia, and that his prior convictions

United States v. Battle                                                                                                                                  4

for violent crimes took place over ten years prior to his current arrest.  Defendant's counsel requested defendant be allowed to remain in the community with electronic supervision, or in the alternative, be remanded to a halfway house with work privileges.

## IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offenses charged indicate that the Defendant has been actively engaged in the distribution of cocaine base, in one instance within 1,000 feet of a school.

Second, for the reasons proffered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics mitigate against pretrial release.  Of particular significance is that Defendant has a record which includes two prior convictions for crimes of violence.

Finally, the undersigned is satisfied that the toll which the distribution of cocaine base continues to take upon this community is well-documented and need not be repeated here.  The undersigned finds that the evidence proffered by the government compels the conclusion that Defendant is not amendable to community supervision.

The undersigned finds that defendant's proffer, while arguably sufficient to rebut the presumption of fugitivity, is wholly insufficient to rebut the presumption of dangerousness, see United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985) or the proffered evidence thereof.

United States v. Battle                                                                                                                    5

## V. **CONCLUSION**

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 11, 2005 Order of Detention.

October 19, 2005                                                                        /s/
         DATE                                                         DEBORAH A. ROBINSON
                                                                      United States Magistrate Judge


 October 11, 2005
     NUNC PRO TUNC