UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Crim. No. 05-0234 (RMU) |
| | : | |
| MICHAEL BATTLE, | : | |
| Defendant. | : | |

**UNITED STATES' MOTION FOR REEVALUATION OF THE
DEFENDANT PURSUANT TO TITLE 18, U.S.C., SECTION 4241**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion for reevaluation of the defendant pursuant to Title 18, United States Code, Section 4241. In support of this motion, the government states as follows:

**BACKGROUND**

1. In March and April 2005, the defendant made three sales to an undercover police officer, each of about 62 grams of cocaine base, totaling more than 175 grams of crack cocaine, and making $6600 from the sales. Based on the sales and related acts, the grand jury indicted the defendant on June 16, 2006, on three charges of unlawfully using a telephone to facilitate committing a drug felony, in violation of 21 U.S.C. § 843; three charges of unlawful distribution of 50 grams or more of crack cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii); and, one charge of unlawful distribution of crack cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860. By statute, each of the three sales carries a ten-year mandatory minimum term in prison.

2.The defendant was arrested on September 29, 2005, upon an open bench warrant issued at the time of his indictment in June 2005. At a bond hearing on October 11, 2005, Magistrate Judge Deborah A. Robinson granted the government's request and ordered that the defendant be held without bond pursuant to 18 U.S.C. § 3142(f)(1)(C).

3.On January 17, 2006, the defendant moved for the appointment of a new attorney. The Court granted the defendant's request and appointed attorney Frances D'Antuono to represent the defendant. The defendant waived his Speedy Trial Act rights, and a trial date of August 11, 2006, was set.

4.On March 24, 2006, the Court ordered that the defendant be sent to the Legal Services Division of the D.C. Superior Court for a preliminary psychiatric screening to determine whether the defendant was mentally competent to stand trial. Pursuant to that order, Dr. Robert Benedetti, a licensed clinical psychologist, interviewed the defendant for fifty minutes and issued a report dated March 27, 2006, stating that the defendant was competent to stand trial.

5.At a status hearing on March 30, 2006, the defense requested further psychiatric examination of the defendant. The Court granted the unopposed request and ordered that the defendant be evaluated for competency to stand trial pursuant to Title 18, United States Code, Section 4241. As a result, the defendant was taken to the federal medical center in Devens, Massachusetts, where he was evaluated from May 9, 2006, until June 8, 2006, by Dr. Shawn E. Channell, a forensic psychologist. Dr. Channell stated in his report dated June 28, 2006, that "there is no present objective evidence to indicate that [the defendant] suffers from a mental disorder which would impair his ability to understand the nature and consequences of the court proceeding against him, or impair his ability to properly assist counsel in his defense."

6. At a status on July 24, 2006, the parties reviewed Dr. Channell's report. Dissatisfied with Dr. Channell's opinion, the defense requested an opportunity to seek an independent evaluation of the defendant. The defense hired Dr. Lanning E. Moldauer, who issued a report on November 21, 2006, stating that the defendant was not competent to stand trial based on an inability by the defendant to work effectively with his attorney. The opinion was based mainly upon Dr. Moldauer's observations of the defendant's interactions with defense counsel.

7. On November 28, 2006, the Court set a contested mental competency hearing for March 19, 2007, at 10:00 a.m. Title 18, United States Code, Section 4241 permits a court to conduct a hearing to determine whether a defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." For that purpose, the court may order that a psychiatric or psychological examination of the defendant be ordered pursuant to the provisions of Title 18, United States Code, Section 4247(b). A district court does not need the defendant's consent to subject the defendant to a competency examination. U.S. v. Huguenin, 950 F.2d 23 (1st Cir. 1991); U. S. v. Muncaster, 345 F.Supp. 970 (M.D. Ala. 1972), aff'd, 472 F.2d 1407 (5th Cir.), cert. denied, 410 U.S. 934 (1973), cert. denied, 412 U.S. 963 (1973).

8. Furthermore, while a psychiatric or psychological examination is not always necessary, it is within the trial court's discretion to order multiple evaluations or appoint multiple experts when the court reasonably believes that multiple opinions would better enable the court to render a competency decision. Cf. United States v. Caldwell, 543 F.2d 1333, 1347-49 (D.C. Cir. 1975); United States v. Davis, 513 F.2d 319, 321 (5th Cir. 1975). It should be noted that the Court authorized the defense to obtain an independent evaluation on July 24, 2006, but the defense did not

have their report challenging the defendant's competency prepared until November 21, 2006, nearly four months after the Court granted the defendant's request. As a result, several months have lapsed since Dr. Channell had an opportunity to examine the defendant. Because the Court will be making a determination at the upcoming hearing as to whether the defendant is "<u>presently</u> suffering from a mental disease or defect rendering him mentally incompetent," the government believes that an updated report from Dr. Channell is necessary in order for the Court to make a informed decision about the defendant's current mental state, as required by Title 18, United States Code, Section 4241.

10.     The undersigned Assistant United States Attorney contacted defense counsel to ascertain the defense's position. Counsel for the defendant did not oppose the government's request but stated she would not be able to assert a position without speaking with the defendant himself. In the interest of expediting the process, as suggested by defense counsel, the government has filed this motion without having heard the defense's ultimate position.

WHEREFORE, it is respectfully requested that this motion be granted; that the defendant be committed to the custody of the Attorney General for 30 days for further psychiatric or psychological evaluation pursuant to Title 18, United States Code, Section 4241; that the defendant be sent, under the custody of the Attorney General, to the federal medical treatment center in Devens, Massachusetts, and reevaluated by Dr. Shawn E. Channell; and that Dr. Channell issue a psychiatric or psychological report pursuant to Title 18, United States Code, Section 4247, on or before March 12, 2007.

                Respectfully submitted,
                JEFFREY A. TAYLOR
                UNITED STATES ATTORNEY
                Bar No. 451-058

                _____/s/_____
By:   PERHAM GORJI
       ASSISTANT U.S. ATTORNEY
       Delaware Bar No. 3737
       Federal Major Crimes Section
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 353-8822
       perham.gorji@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion has been served by first class mail upon counsel of record for the defendant, Frances M. D'Antuono, 218 7th Street, S.E., Washington, D.C. 20003, this 18th day of January, 2007.

                _____/s/_____
                Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v.     : | Crim. No. 05-0234 (RMU) |
| : | |
| **MICHAEL BATTLE,** : | |
| **Defendant.** : | |

### ORDER

The Court, having considered the United States' motion for reevaluation of the defendant pursuant to Title 18, United States Code, Section 4241(the "Motion"), and based on the representations made in such motion, and good cause having been shown, it is this ____ day of _____, 2007,

ORDERED that the Motion is GRANTED, and it is further

ORDERED that pursuant to Title 18, United States Code, Section 4247(b), the defendant is committed to the custody of the Attorney General for 30 days, for psychiatric or psychological evaluation, the Court having reasonable cause to believe that he may presently be suffering from mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

It is further ORDERED that the defendant be sent, under the custody of the Attorney General, to the federal medical treatment center in Devens, Massachusetts, and reevaluated by Dr. Shawn E. Channell; and it is further

ORDERED that Dr. Shawn E. Channell of the federal medical treatment center in Devens, Massachusetts, file a psychiatric or psychological report with the Court pursuant to Title 18, United States Code, Section 4247, on or before March 12, 2007.

_____
Judge Ricardo M. Urbina
United States District Court for
the District of Columbia