**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL NO. : 05-234 (RMU)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MICHAEL BATTLE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

**GOVERNMENT'S NOTICE OF IMPEACHMENT
BY EVIDENCE OF CONVICTION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby provides notice, pursuant to Rule 609 of the Federal Rules of Evidence, that if the defendant testifies, the government will seek to impeach him with prior convictions.

**Background**

1.      The defendant has been indicted on various federal felony drug charges stemming from three sales to an undercover police officer in March and April 2005, each of about 62 grams of crack cocaine base.  The defendant made $6,600 from the sales in less than a month, which gross amount came from selling more than 175 grams of crack cocaine base.  The grand jury indicted the defendant on three charges of unlawfully using a telephone to facilitate committing a drug felony, in violation of 21 U.S.C. § 843; three charges of unlawful distribution of 50 grams or more of crack cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii); and, one charge of unlawful distribution of crack cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860.

2.      On January 7, 1992, in Montgomery County, Maryland, the defendant was convicted of Assault with Intent to Maim and Use of a Handgun in a Crime of Violence or the Commission of

a Felony.  On the same date, also in Montgomery County, Maryland, the defendant was also convicted of Robbery with a Dangerous and Deadly Weapon and a related handgun offense.  The defendant was released in 2002 and remains on parole.

## Argument

3.     The defendant served at least one year of imprisonment for the Montgomery County, Maryland offenses.  Additionally, Fed. R. Evid. 609(b) states that "[e]vidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ."  Here, the defendant was not released until 2002 and remains on parole.  Therefore, the timing of the convictions falls within the permissible period.

4.     The prior convictions are more probative than prejudicial.  In evaluating whether the probative value of a conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit proscribed in Rule 609(b) are at least somewhat probative of the defendant's credibility.  United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc).  In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the Lipscomb court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis.  Id. at 1051, 1073.

10.     As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary."  United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted).  Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant,

that prejudice by itself should not be enough to preclude the government's impeachment of the

defendants in this case. <u>Cf</u>. <u>Lipscomb</u>, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a

prior conviction, the question of prejudice . . . is not <u>if</u>, but how much") (emphasis in original).

Should the defendant testify in this case, the issue of his credibility will be a central issue for the

jury. The probative value of the conviction in assessing that credibility, involving as it does a serious

offense, clearly outweighs whatever prejudice there may be to the defendants -- particularly given

the limiting instruction that can be given to the jury in order to preclude its use of such evidence for

an improper purpose.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By:    _____

Jeff Pearlman, DC Bar # 466901
Assistant United States Attorney
United States Attorney's Office
Federal Major Crimes Section
555 4th Street, N.W., Room 4231
Washington, D.C. 20530
(202) 353-2385
jeffrey.pearlman@usdoj.gov