**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,      :
                                                  :
    v.                            :
                                                  :
                                                  :      CRIMINAL NO. 05-234
MICHAEL A. BATTLE            :          (RMU)


**DEFENDANT BATTLE'S MOTION TO CONTINUE MOTIONS HEARING**


COMES NOW the Defendant herein, Michael A. Battle, by and through his undersigned

counsel, and respectfully requests that this Honorable Court continue Mr. Battle's Motions

Hearing from its current date of February 19, 2008 to a later date convenient to the Court and the

parties.  In support of this Motion, the defendant states as follows:

1.      Undersigned counsel has spoken to Jeffrey Pearlman, the Assistant United States

Attorney assigned to try this case, who has indicated that he does not oppose this request, given

the circumstances for the request for a continuance.

2.      When the Court set the motions hearing schedule in this case, the date set was

February 5, 2008, a date upon undersigned counsel was able to be present for the motions

hearing.

3.      The Court then later changed the date to that of February 19, 2008.

4.      Undersigned counsel begins a trial on that date in a very old case in the Superior

Court, which was set for trial well prior to the time this Court issued its Order, via electronic

filing, indicating that the date of Mr. Battle's Motions Hearing was to be changed.  Prior to

receiving the Court's order, undersigned counsel was unaware that the February 5, 2008 date was to be changed.

5.     Undersigned counsel informed this Court's law clerk, upon inquiry by the law clerk approximately ten days ago as whether any motions were contemplated, that she would need to file a Motion to Continue the motions hearing and had every intention of doing so, but that she was in trial in federal court (working 21 and 22 hour days) and that she could not file her Motion to Continue until she had finished trial.   She also indicated at that time that she contemplated filing no motions.

6.     Undersigned counsel completed trial last Friday, but tried that last case with the flue and  had to scale back her usual work day for a several days in order to take some time to recuperate sufficiently to function in her usual extremely busy schedule.   She also desired to have a supplemental discovery meeting with the Government, the date for which had been set for prior to her beginning trial, to ensure that nothing would arise that might generate the need to file a motion.  That meeting occurred this date, as scheduled, and has in fact generated the need to file one Motion to Suppress a Photographic Identification.

7.     The Court's law clerk instructed undersigned counsel to provide several open dates in her motion to continue the motions hearing.   The only dates currently available are in late March.  All days are available between March 24th and April 3rd (the week prior to the trial date.).  Prior to that time, undersigned counsel will be either in various trials or has a very heavy calendar of other in court matters.

8.     Undersigned counsel does not contemplate a long motions hearing.  The Government has filed a Rule 609 Motion.  As for the defense, there is now the need, as above

2

noted, to file the motion to suppress a single photo showing of a picture alleged to be that of Mr. Battle to a witness who does not know him and has not had extensive contact with him. Undersigned counsel will prepare that Motion as rapidly as possible and file it, together with a Motion for Leave to File out of Time.

9.     Prior to this date and the supplemental discovery meeting, undersigned counsel worked very diligently to ascertain if any motions of any nature would lie in this case, and even consulted with various colleagues and still could determine none.  Thus, when asked by the Court's law clerk, she honestly responded that she had been not able to determine that any motions would lie in this case.

10.     Nonetheless, even with the Motion to Suppress the Photo Identification, which would require the testimony of perhaps one (at most two) police officers and possibly one extremely short defense witness, the motions hearing should not be lengthy.

11.     Undersigned counsel hereby expresses her deepest apologies to this Court for filing this Motion to Continue at this time, but, for reasons encompassing not only her very heavy schedule but also the countless hours and daily emergencies entailed in the rebuilding of her condo building, which must go forward so that she can return to her home, she has been late in filing this Motion, beyond what this Court's standing Order requires.  All that she can say by way of explanation is that it is not possible for anyone to work any harder or longer hours than she has been doing ever since her home burned down, that she has the deepest respect for this Court and it's orders and it own very heavy schedule, and that she, of all people, especially at this juncture, understands and very much regrets the inconvenience she has now created for this Court.

WHEREFORE, the foregoing premises having been considered and good cause having been shown, undersigned counsel for Mr. Battle respectfully requests that this Honorable Court grant in full the relief requested herein and continue Mr. Battle's Motions Hearing to any date the week of March 24, 2008.

Respectfully submitted,

SS/By     Frances M. D'Antuono
218 Seventh Street, S.E.
Washington, D.C. 20003
(202) 544-6332
(202) 907-6332 (cell)
Fdantuono@msn.com

Counsel for Michael A. Battle

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Motion was served via electronic filing, this 7th day of February, 2008, upon Jeffrey Pearlman, Esq., United States Attorney's Office, 555 4th Street, N.W., Washington, D.C., and upon the chambers of the Honorable Ricardo M. Urbina, via electronic filing, this same date.

Frances M. D'Antuono