UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CRIMINAL NO. 05-234 |
| MICHAEL A. BATTLE | :           (RMU) |

**MOTION TO SUPPRESS AUDIOTAPES AND INTERCEPTIONS**

Comes now the defendant herein, Michael A. Battle, and hereby respectfully moves this Honorable Court to suppress as evidence at his trial audio intercepts made during alleged telephone calls between him and the Metropolitan Police in violation of 23 D.C. Code Section 541 *et. seq.* In support of this Motion, the defendant states as follows:

1. In a recent telephone conversation of yesterday, March 26, 2008, the Government announced its firm to offer in evidence audiotapes of interceptions of alleged telephone conversations between the defendant and members of the Metropolitan Police Department (Detective Fenton and undercover officer Wallace), setting up the three undercover buys that are the subject of the upcoming trial and one further attempt on the part of the police allegedly to secure the defendant's agreement to sell again in a larger amount. [1]

---

[1] Prior to yesterday, defense counsel and the prosecutor were engaged in ongoing discussions about the defense's belief that the audio tapes might have been illegally obtained and exploring ways of curing the problem without the necessity for the filing of the instant motion. The prosecutors' supervisors, however, have apparently determined that the actual tapes should be offered in evidence. Thus, the instant Motion is being necessarily filed. Nonetheless, even as of this date, discussions continue between the parties, and undersigned counsel reserves the right to withdraw this Motion if the Government warrants that it will not use the audiotapes and depending upon the Court's position on the application of 23-547 to the interceptions in this

2. 23 D.C. Code Section 541 *et seq*. deals with wire interception and the interception of oral communications. The statute covers "the aural acquisition of any wire or oral communication through the use of any intercepting device." 23-541(3).

3. The statute essentially prohibits interception except where there is "one party consent," see 23-542(b)(3). There is also a law enforcement exception, but not without limits. The law enforcement exception reads as follows:

(b)(2)  [It shall not be unlawful under this section for - - ]

a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication, or where one of the parties to the communication has given *prior* consent to such interception.

(Emphasis added).

Detective Fenton was never allegedly a party to any conversation with the defendant to be offered at trial.

4. In the instant case, there is no evidence that the police obtained prior consent for the interceptions, which, according even to Detective Fenton, is needed from the Chief of Police before making or obtaining the intercepts. In one of several recent supplemental discovery meetings, Detective Fenton indicated that the Metropolitan Police Department General Orders required that he obtain the written consent of the Chief of Police prior to instituting an intercept, even if the police were a party to the conversation, and that he received written permission to make the intercepts. He has not produced the writing, despite numerous requests from the prosecutor and inquiries from defense counsel.

5. This police regulation exactly comports with the plain language of the statute's

---

case.

requirement that *prior* consent be obtained before the intercept is obtained, even for members of law enforcement. Were it not so, the police could record any conversation they chose to have with any citizen they believed to be involved in a crime, whether a party to the conversation or, even if they were a party, without any supervision whatsoever, a practice which would violate the Fourth Amendment as it would wantonly violate the privacy of the citizenry of this city.

    6.    Further, though, the statute on its face requires that the police make "application to the Court for an order authorizing or approving the interception of a wire or oral communication . . . upon oath or affirmation a judge. " 23-557 (a). Each application must state the identity of the officer making the application and the officer authorizing the application, 23-547(a)(1); must set forth a complete statement of facts and circumstances justifying the need for interception (including the type of crime, details thereof, kind of facility to be intercepted and identity of the person committing the crime and whose communications are to be intercepted), 23- 547(a)(2); must state whether or not other investigative procedures have been tried and failed or why they would not succeed if tried, 23-547(a)(3); and must set forth a specific statement of the time for which the interception is or was required to be maintained, along with a statement of probable cause to believe that additional communications of the same type will or would occur thereafter, 23-547(a)(4). Any prior applications must also be delineated involving the same suspect, 23-547(a)(5).

    7.    The proper application was never filed in this case.

    8.    Mr. Battle is aggrieved in two ways under this statute. He has not been served with the requisite inventory as required by 23 D.C. Code 550, nor has he been served with a copy of the order and accompanying application under which the interception was authorized or

approved.  See 23 D.C. Code Section 551 (a) (1) and (2).  Moreover, by statute he must be served with these items "not less than ten days before the trial, hearing, or proceeding," 23-D.C. Code 551 (a) ("The contents of any intercepted wire or oral communication or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial hearing, or other proceeding in or before any court . . . of the United States or the District of Columbia unless not less than ten days before the trial, hearing, or proceeding . . . [the inventory has been served *and* the accompanying documents comprising the order and the application under which the interception was approved have been provided].

9.  As noted, undersigned counsel has received none of the materials required by statute.

10.  In addition, Mr. Battle is given the right under the statute to "move to suppress" as an "aggrieved person" "the contents of any intercepted wire or oral communication, or evidence derived therefrom,"on the grounds that (1) the communication was unlawfully intercepted, (2) service was not made as provided [above] in section 23-547, and (3) the seal prescribed by section 23-549 is not present and there is no satisfactory explanation for its absence.  23-551 (b)((1), (4) and (5).  He so moves.

WHEREFORE, the foregoing premises having been considered, Michael A. Battle respectfully requests that the Government be precluded from offering into evidence the audiotapes of the alleged telephone conversations in this case and of any evidence derived therefrom .

        Respectfully submitted,


        _____/S/_____
        Frances M. D'Antuono
        Unified Bar No. 358141

        218 7th Street, S.E.
        Washington, D.C. 20003
        (202) 544-7633
        (202) 544-6332 (Cell)
        fdantuono@msn.com

        Counsel for Michael A. Battle


**Certificate of Service**

    I hereby certify that a true and accurate copy was served by electronic filing upon Jeffrey Pearlman, Esquire, United States Attorney's Office, Narcotics and Organized Crime Section, 555 4th Street, N.W., Washington, D.C. 205530, and upon the chambers of the Honorable Ricardo M. Urbina, United States District Judge and Presiding Judge in the case, this 27th day of March, 2008.


        _____
        Frances M. D'Antuono