**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. : 05-234 (RMU)** |
| | : | **Trial date:    April 4, 2008 (jury selection)** |
| **v.** | : | **April 7, 2008 (trial)** |
| | : | |
| **MICHAEL BATTLE,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS AUDIOTAPES AND INTERCEPTIONS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes the defendant's Motion to Suppress Audiotapes and Interceptions. The government has complied with the controlling law concerning the relevant communications, and states as follows:

### Background

1.     The defendant has been indicted on various federal felony drug charges stemming from three sales to an undercover police officer in on March 11, 2005, March 24, 2005, and April 8, 2005, each of about 62 grams of crack cocaine base. The defendant made $6,600 from the sales in less than a month, which gross amount came from selling more than 175 grams of cocaine base. The grand jury indicted the defendant on three charges of unlawfully using a telephone to facilitate committing a drug felony, in violation of 21 U.S.C. § 843; three charges of unlawful distribution of 50 grams or more of crack cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii); and, one charge of unlawful distribution of crack cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860. The government has agreed to dismiss before trial the unlawful use of a telephone

charges.  Prior to each buy, and in June 2005, the defendant engaged in a two-way telephone conversation with the undercover officer.

2.      During trial preparation, defense counsel indicated she might seek to suppress the audiotapes on the basis that the defendant did not provide consent.  The government interviewed one of the supervisors of the undercover buys, then-officer and now-Detective Eric Fenton of the Metropolitan Police Department ("MPD"), who stated that it was the policy of the MPD at the time of the communications that the Major Narcotics Branch ("MNB") seek inter-office approval for one party consent communications.  Typically, the MNB would request approval for one party consent communications for twenty-eight days from the date of approval.  It is the recollection of Fenton that such approvals would have been granted covering every communication in this case.

3.      At this time, after a search by MPD officers, the government has obtained a March 18, 2005 approval that covers the subsequent 28 days, which span would include the March 24, 2005 and April 8, 2005 communications.  One MPD officer has indicated that the MPD typically discards the approvals after approximately three years.  This officer continues to look for other approvals for this operation in other locations.[1]

4.      The audiotapes from the March 11, 2005 and March 24, 2005 are extremely difficult to hear. The government would propose to admit these as exhibits, not play them in the case-in-chief, but to indicate to the jury that they are evidence in the case and that the jury may attempt to listen to them.

5.      In sum, the factual status of the audiotapes is as follows:

---

[1]Should additional letters be recovered, the government would seek to supplement this opposition.

| Tape | Audible? | Consent obtained? | Consent form presently available? |
|---|---|---|---|
| March 11, 2005 | Barely audible | Yes | No |
| March 24, 2005 | Barely audible | Yes | Yes |
| April 8, 2005 | Audible | Yes | Yes |
| June 2005 | Audible | Yes | No |

**Argument**

3.    The defendant challenges the communications between himself and the undercover officer based on a misreading of 23 D.C. Code Section 541 *et seq*. ("Wire Interception and Interception of Oral Communications.") Even if the defendant is correctly reading this provision however, federal law trumps the D.C. Code. Indeed, federal law expressly authorizes the taping of these communications. 18 U.S.C. § 2511(2)(c).

4.    Section 542(b) provides that it is not unlawful for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication, or where one of the parties to the communication has given prior consent to such interception. The undercover officer consented to the monitoring of his telephone call to the defendant prior to calling the defendant. Nothing in the statute speaks to an administrative process that must occur before an officer can be deemed to have consented, and the defendant cites no case law to the contrary.

5.    The defendant also challenges the communications under 23 D.C. Code Section 547, which requires prior judicial approval for some intercepts, but read in conjunction with Section 542, the clear intent of the Subchapter is not just to require prior judicial approval for all interception, but to

also carve out certain exceptions to that rule, including one party consent.  Again, the defendant cites no case law to the contrary.

6.     Even if the Court were to somehow read Section 542 out of the Subchapter, however, it is well settled that evidence inadmissible under state law is not excludable in a federal prosecution in federal court.  <u>See, e.g.</u>, <u>United States v. Sotomayor-Vazquez</u>, 249 F.3d 1, 20 (1st Cir. 2001) (evidence in federal prosecution not excludable); <u>United States v. Morrison</u>, 153 F.3d 34 (2d Cir. 1998) (not relevant if taping of communication violated California law since federal law provides for one party consent).  The applicable law here is 18 U.S.C. § 2511(2)(c), which states: "It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."  Regardless of the laws governing the District of Columbia, as the undercover officer was a party to the communication, there is no violation of federal law and therefore nothing about the communication warrants its exclusion.

7.     The government therefore requests that the defendant's motion be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By:    _____

Jeff Pearlman, DC Bar # 466901
Assistant United States Attorney
United States Attorney's Office
Federal Major Crimes Section
555 4th Street, N.W., Room 4231
Washington, D.C. 20530
(202) 353-2385
jeffrey.pearlman@usdoj.gov