UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO.  05-234 (RMU) |
| v.            : | |
| Michael A. Battle,    : | |
| Defendant.   : | |

**UNITED STATES' MEMORANDUM  IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to 210 months of incarceration, to be followed by five years of supervised release.  In support thereof, the United States respectfully states the following:

On March 11, 2005, the defendant agreed to sell and did sell about 62 grams of cocaine base to an undercover officer in exchange for $2,200 in the area of 7th and Madison Street, NW, in Washington, D.C.  As noted in the Presentence Report ("PSR"), videotape clearly identifies the defendant as the seller in this transaction.  PSR at ¶ 6.  On March 24, 2005, the defendant again agreed to sell and did sell about 62 grams of cocaine base to the same undercover officer in exchange for $2,200 in the area of 2nd and Hamilton Street, NW, within a thousand feet of Cuno-Randolph Elementary School.  On April 8, 2005, the defendant again agreed to sell and did sell about 62 grams of cocaine base to the undercover officer in the area of 7th and Madison Street, NW.  Again, the

videotape of the transaction shows the defendant as the seller. PSR at ¶ 8. On June 16, 2005, the defendant and the undercover officer attempted to negotiate a larger sale for 125 grams of cocaine base, but could not agree on a price, and the sale was never consummated.

The government charged the defendant with, for the March 11, March 24, and April 8, 2005 conduct, counts of Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). The government also charged the defendant with Unlawful Distribution of of Cocaine Base Within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), for his March 24, 2005 conduct.[1]

On April 11, 2008, after a trial, the jury convicted the defendant of Unlawful Distribution of 50 Grams or More of Cocaine Base relating to his March 24, 2005 conduct, as well as Unlawful Distribution of Cocaine Base Within 1000 Feet of a School, also relating to his March 24, 2005 conduct. The jury acquitted the defendant of the remaining counts.

In determining the defendant's sentence, this Court must consider all of the sentencing considerations set forth in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in

---

[1] The government charged, but subsequently dismissed, three counts of Unlawful Use of a Communication Facility, in violation of 21 U.S.C. § 843(b).

the most effective manner; (5) the Guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The defendant in 2005 moved large quantities of cocaine base on multiple occasions. Each "62" or one-sixteenth of a kilogram sold by the defendant was sufficient to make "at least 575-to-600 rocks of crack of a size commonly sold for $10 each," PSR at ¶ 5; in sum, the defendant sold to the undercover officer enough crack for 1725 to 1800 individual uses of crack in a community ravaged by crack addiction. Further, the defendant negotiated for still larger sales with the undercover officer that were never consummated. The Court may, and should, consider the defendant's relevant conduct of selling 179.3 grams of cocaine base in calculating the defendant's sentencing guidelines.[2] See United States v. Lawson, 494 F.3d 1046, 1056 (D.C. Cir. 2007) (court may deem acquitted conduct relevant conduct for sentencing if it finds by a preponderance of evidence that such conduct occurred and the sentence does not exceed the sentence authorized by the jury verdict). As the trial testimony made apparent, the defendant's distribution on March 24, 2005 was not aberrational but instead an example of the defendant's typical behavior.

Moreover, the defendant's criminal history strongly suggests the need for long-term incarceration. The defendant was the gunman in two separate armed robberies in Montgomery County, Maryland, on February 16, 1991, one of which resulted in him shooting the victim in the back. As a result, he was incarcerated for ten years, after which he was paroled. The government

---

[2] The PSR notes that the instant offense involves 186 grams of cocaine base, an error the government failed to correct when the PSR writer submitted the initial draft to the parties. The error makes no practical difference in determining the base offense level.

has previously stated to the Court that this conduct made the defendant a career offender pursuant to the United States Sentencing Guidelines ("U.S.S.G.") Section 4B1.1. This designation, resulting in a base offense level of 37 and a criminal history category of VI, see U.S.S.G. Section 4B1.1(b), would make the guideline range 360 months to life imprisonment. See U.S.S.G. Section 5A.

Though two separate crimes against two separate victims, the probation officer properly calculated that because the defendant pled to these offenses on the same day, the Court should count them as a single sentence. See U.S.S.G. Section 4A1.2(a). The probation officer went on to state that "[C]ounting multiple sentences as a single sentence may result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that the defendant represents to the public. In such a case, an upward departure may be warranted." PSR at ¶ 105 (citing U.S.S.G. Section 4A1.2, comment (n.3)).

The government does not request that the Court make an upward departure in this instance; however, the government does ask the Court to take note of the defendant's violent criminal history. In this instance, a sentence of 210 months accounts for the defendant's excessive criminality, his commission of the offense while on parole, his conduct relevant to the offense, and the need for the sentence to protect the public from the defendant and to deter criminal conduct in the future. The government therefore requests a sentence of 210 months incarceration for the defendant, to be followed by five years of supervised release.

Respectfully,

JEFFREY A. TAYLOR
United States Attorney


By: _____/s/_____
Jeff Pearlman
ASSISTANT UNITED STATES ATTORNEY
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4231
Washington, D.C. 20530
Phone: (202) 353-2385
Fax: (202) 514-6010
jeffrey.pearlman@usdoj.gov