HONORABLE RICARDO M. URBINA, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>05-CR-234</u> |
| | : | |
| vs. | : | SSN: _____ |
| | : | |
| BATTLE, Michael Anthony | : | Disclosure Date: <u>May 23, 2008</u> |

**JUN 1 7 2008**

**Clerk, U.S. District and
Bankruptcy Courts**

## RECEIPT AND ACKNOWLEDGMENT OF
## PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the
Presentence Investigation Report (PSR) in the above-entitled case.  The undersigned
further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
- ( )    There are no material/factual inaccuracies therein.
- (x)    There are material/factual inaccuracies in the PSI report as set forth in the
attachment herein.

_____        _____5/21/68_____
Prosecuting Attorney                                     Date

### For the Defendant

(CHECK APPROPRIATE BOX)
- ( )    There are no material/factual inaccuracies therein.
- ( )    There are material/factual inaccuracies in the PSI report as set forth in the
attachment.

_____  _____  _____  _____
Defendant                    Date                Defense Counsel              Date

## NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material
inaccuracies or disputes in writing by <u>June 6, 2008</u>, to U.S. Probation Officer <u>Sherry
Brandon</u>, telephone number <u>(202) 565-1327</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of
the Attorney for the Government and the Defense Counsel to provide each other with a
copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:    Gennine A. Hagar, Chief
        United States Probation Officer

**Receipt and Acknowledgment**                                    Page 2

Suspect #1 :   On   Jun  16, 2005   the undercover officer
had  telephon  conversations   with the defendant, in which  the
undercover officer   attempted  to  purchase  from  the defendant  125 grams
of crack cocaine.   This transaction  was  not  consummated
due to  a  disagreement  as to price.

Signed by:  _____
            (Defendant/Defense Attorney/AUSA)

Date:       5/29/08

9 June 2008

Ms. Sherry Brandon
United States Probation Officer
United States Probation Office
United States Courthouse
3rd and Constitution Avenue, N.W.
Washington, D.C. 20001

      Re: <u>United States v. Michael A. Battle,</u> 05-CR-234-1

Dear Ms. Battle:

    Here are Mr. Battle's corrections and objections:

      Page 2, under "Aliases," Mr. Battle reports that he has never used that name ("Leslie Morgan James").

      Page 3, Para 6. - As Mr. Battle denies the evidence used at trial, he also denies the phone call listed for the March 11 alleged transaction, of which he was acquitted. In addition, it is inappropriate to report that "a tape of the transaction clearly shows the defendant's face." First of all, that is not true – the person in that tape is not "clearly" Michael battle at all and secondly, it is inappropriate to make such flat statements of fact on the part of a PSI author, particularly, where a jury has found otherwise and acquitted of that charge..

      Page 4. Para. 8 - - As above noted, it is inappropriate to state with respect to any alleged transaction that the resulting videotape "shows" the defendant. The defendant was acquitted of this charge and obviously the decision whether or not it *is* the defendant depicted in a videotape belongs exclusively to the jury. Thus, a statement coming from the pre-sentence report writer that "the resulting videotape shows the defendant," which is a flat pronouncement of "fact," is not appropriate at all.

1

Page 5, Para. 16.  The drug quantity table for "the instant offense" along with the enhancement under 2D1.2(a)2) for controlled substances distributed within 1000 feet of a school is predicated upon an incorrect and aggregated amount and the apparently erroneous belief that all three alleged transactions occurred in a protected area.  Only one transaction involved the distribution of cocaine (a '62, or roughly 64.5 grams) with 1000 feet of a school, that is, in a protected location.  The other two alleged transactions did not occur in a protected location.  It violates the tenets of Apprendi to (1) ascribe to the defendant an enhancement for which he was not indicted and for which there is no factual basis (no has any been even alleged) and (2) to use amounts to increase his sentence for which the jury did not find guilt beyond a reasonable doubt.  Therefore, Mr. Battle's guidelines must be re-calculated, using only the amount found by the jury to have been distributed on the occasions of the 3/24/08 offense within 1000 feet of the Cuno-Rudolph Elementary School.  That would be a guideline not involving 150-500 grams but the 64.5 grams found to have been distributed.

Page 6, para. 25 - Mr. Battle denies having been convicted of a drug offense as a juvenile (this would, after all, have been his first offense) and having been committed to DHS as a result.  He believes that this offense is listed in error on whatever reported out his criminal history.

Page 7, para. 27 and 28.  The defendant contests the facts of this and the other Maryland event  as reported out by the police but we will deal with that in a sentencing memorandum.

Page 10, para. 46 - the Defendant stands 6'5" tall and weights 200 pounds, not 6', etc..

Page 11, para. 53 - This paragraph mentions "the defendant's disruptive behavior in court."  Perhaps the wrong version of Dr. Shawn Channell's initial report was provided to you, Ms. Brandon, but, upon seeing that statement and a couple of others in Dr. Shannell's initial report (and in his report *he* said *I* reported this disruptive behavior in court), I called Dr. Channell, asked him to get his notes of his interview with me, and pointed out that I had never said such a thing, or several other things reported out by Dr. Channell, because they did not occur.  He consulted his notes, agreed and wrote and faxed an amended report to the Judge, removing those alleged facts, including any allegation of disruptive behavior by Mr. Battle in Court.  I don't know why the amended report is not in the jacket (if it is not) but that comment is belied by the judge's own findings of fact and conclusions of law wherein the Judge, too, reports that Mr. Battle has never misbehaved or acted out in any way in court.

Page 13, para. 64.  Although a small point, Mr. Battle did (and said in the PSR interview) that he had done auto mechanics his entire life.  He did not take up that trade in prison.

Please let me know if you are willing to correct the guidelines calculations as soon as possible, as, if you are, I do not have to file formal objections with the Judge.

I appreciate all your fine work and patience,  as I had my computers fixed.  You can't make an "immediate" appointment unless you want to pay $300 or more an hour.  I recognize

that these objections and corrections are 2 business days late and apologize for the technological difficulties incurred during that time.

Yours sincerely,

Frances M. D'Antuono
Counsel for Michael A. Battle

3



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 11, 2008

Ms. Sherry Brandon
United States Probation Officer
United States Courthouse
3rd and Constitution Avenue, NW
Washington, DC 20001

Re: United States v. Michael A. Battle, 05-234 (RMU)

Ms. Brandon:

In response to defense counsel's letter to you of June 9, 2008, and your June 9, 2008 e-mail request for the government's views, the government responds as follows.

Paragraph Two of Letter (¶ 2): The government defers.

¶ 3: The Court may, and should, consider the defendant's relevant conduct of selling 179.3 grams of cocaine base in calculating the defendant's sentencing guidelines. See United States v. Lawson, 494 F.3d 1046, 1056 (D.C. Cir. 2007) (court may deem acquitted conduct relevant conduct for sentencing if it finds by a preponderance of evidence that such conduct occurred and the sentence does not exceed the sentence authorized by the jury verdict). The probation officer's statement of what the video and audio tapes in this case demonstrate is not inappropriate but rather a summary of what one would expect the Court to find in assessing the relevant conduct in this case.

¶ 4: The Court may, and should, consider the defendant's relevant conduct of selling 179.3 grams of cocaine base in calculating the defendant's sentencing guidelines. See United States v. Lawson, 494 F.3d 1046, 1056 (D.C. Cir. 2007) (court may deem acquitted conduct relevant conduct for sentencing if it finds by a preponderance of evidence that such conduct occurred and the sentence does not exceed the sentence authorized by the jury verdict). The probation officer's statement of what the video and audio tapes in this case demonstrate is not inappropriate but rather a summary of what one would expect the Court to find in assessing the relevant conduct in this case.

¶ 5: Application of United States Sentencing Guidelines (USSG) Section 2D1.2(a) is "not

predicated upon an incorrect and aggregated amount." Rather, the section explicitly contemplates instances where the protected location increase applies to some specific transactions of relevant conduct but not to other relevant conduct. See USSG Section 2D1.2 Application Note 1 (2008). Application of this section will not result in a sentence exceeding the sentence authorized by the jury verdict. The government would note defense counsel cites no authority for the proposition that an increase in the guidelines sentence that is less than the statutory maximum violates "the tenets of Apprendi."

¶ 6: The government defers.

¶ 7: The government defers.

¶ 8: The government agrees.

¶ 9: The government is unaware of disruptive incidents by the defendant during this case.

¶ 10: The government defers.

Regards,


Jeff Pearlman
Assistant United States Attorney

"FRANCES ANTUONO"
<fdantuono@msn.com>

06/12/2008 05:00 PM

To   <Sherry_Brandon@dcp.uscourts.gov>

cc   "Jeffrey Pearlman" <jeffrey.pearlman@usdoj.gov>

bcc

Subject   Re: Michael Battle, go ahead and e-mail me the objections

Dear Ms. Brandon:

As a follow up to Mr. Pearlman's email, I would respond as follows:

The Lawson case, cited by Mr. Pearlman for the proposition that that the Court *may* consider acquitted conduct as relevant conduct in making its voluntary guidelines calculations, is the law for the moment (it's not an *en banc* decision and is subject to potential change but for now, it certainly is good law).  I maintain my objection, nonetheless, in case the law should change.  I would want MR. battle to have the retroactive benefit of any such change in the law.

There is a subsequent case, though, United States v. Sean Ginyard, No. 06-3162 (D.C. Cir. 1/4/2008), which makes plain that the decision as to what *is* relevant conduct belongs to the sentencing judge, not the Pre-sentence Report writer.  Thus, in that case, once defense counsel challenged the guidelines proposed (because the jury had hung on several counts and she did not feel that that conduct should be considered as relevant conduct), the pre-sentence report writer quite rightly produced two sets of guidelines for the Court in an addendum to the Report: one set including all the potentially relevant conduct and the other containing only the guideline range predicated upon the offense( s) and the amount of conviction.

Under Ginyard, I would respectfully ask you to do just that, so that Judge Urbina has the benefit of your guidelines calculations in both contexts.  The lawyers will then argue out at sentencing what should and should not be relevant conduct and the Judge will make his findings.

I hope that clarifies my position.

Thanks so much.

Frances M. D'Antuono
Counsel for Michael Battle

---- Original Message -----
**From:** Sherry_Brandon@dcp.uscourts.gov
**To:** fdantuono@msn.com
**Sent:** Friday, June 06, 2008 9:42 AM
**Subject:** Michael Battle, go ahead and e-mail me the objections

Sherry Y. Brandon, M.S.

United States Probation Officer
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N.W., Suite 2800
Washington, D.C  20001-1300
202-565-1327 (w)
202-273-0193 (fax)
Sherry_Brandon@dcp.uscourts.gov